## COOPER *v*. ARMSTRONG.

An action of partition should be brought up by writ of error, and not by appeal.

The action of partition a mixed proceeding, of law and equity, in which the equity powers are made subservient to the statute and to common law rules.

Partition suits can be adjudicated in the supreme court on errors at law only.

The law and equity jurisdiction of the supreme court should be kept distinct, under the constitution.

Law and equity not to be blended in the same action.

Whether the grantor of a deed was a minor, is a question of fact to be decided by a jury. If decided by the court, it will be presumed that the question was by agreement submitted to the court, and that the court decided correctly.

ERROR *to Des Moines District Court.*

*Opinion by* GREENE, J. This suit was commenced by John H. Armstrong, against Edwin H. Cooper and others for a partition of real estate. The petitioner derived title to the lots in controversy, by a deed from E. H. Cooper, who in the court below resisted the partition on the ground that at the time he executed the deed to Armstrong he was under twenty-one years of age. Depositions were taken by both parties in relation to the alleged minority. The court found for plaintiff and rendered a judgment of partition.

The case is brought to this court by appeal. It should have come by writ of error. Rev. Stat. 465, § 63, 64. But as it is agreed by counsel that the case shall be considered here on writ of error, we will entertain jurisdiction.

Before proceeding to the merits, a preliminary question must be determined. Should we try the case anew as in equity, or upon errors at law?

We have already decided in *Wright* v. *Marsh, Lee* and *Delavan;* 2 G. Greene, 94, 106, that in partiton proceedings the jurisdiction of the district court is three fold.

1. Cumulative and special as created by statute.

2. Having full chancery attributes, except as otherwise provided by the act.

3. General common law authority so far as it could be exercised with the two preceding powers. It is a mixed proceeding, but still, one in which, the exercise of equity powers, is made subordinate to the statute, and to common law rules.

By the act, the court is authorized to exercise equity powers except as therein otherwise provided ; and still most of the proceedings provided by the act, are at law, and not in chancery.

Besides, the act makes no provision for a trial anew in

H

the supreme court, or for an appeal as in equity practice. But it provides that upon any final judgment "a writ of error may be brought by any of the parties to such judgment either jointly or separately, in the same manner as in personal actions;" and also, that "errors may be assigned upon such writ for any erroneous adjudication upon the rights of any of the respective parties, and the court shall direct the person, whose interest is affected by such adjudication to appear in such cases as a defendant in error." Rev. Stat. § 63, 64. Such a case cannot come before us as an appeal in chancery. It can only come on error, "as in personal actions," and only tried "for any erroneous adjudication." and the party affected by the adjudication and who does not sue out the writ of error is to appear, "as a defendant in error." This court, then, is only authorized to adjudicate partition suits, on errors at law.

By the constitution of Iowa, a marked distinction is made between law and equity. In this court at least the two jurisdictions should be kept distinct and not be confounded. Art. 5, § 3 of constitution, declares that "the supreme court shall have appelate jurisdiction only in all cases in chancery, and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe." Code 553. Under our territorial organic law, the two jurisdictions were separate and independent.

The general assembly have, as we have shown, prescribed a restriction, upon the jurisdiction of this court in partition suits, to the effect that it shall be for the correction of errors at law.

The distinction which we here make in relation to the law and equity jurisdiction of this court, is fully sustained in *Bennett* v. *Butterworth;* 11 Howard, 669. In that case it was held that as the constitution of the United States has recognized the distinction between law and equity, it must be observed in the federal courts. This distinction is recognized in Art. 3, § 2. Which declares in relation to the supreme

Cooper *v.* Armstrong.

and inferior federal courts, that "the judicial power shall extend to all cases in law and equity arising under the constitution," &c. The constitution of this state goes further, and makes the distinction more obvious, not only in our supreme court, but also in the district courts and before justices of the peace. See constitution, Art. 5, § 3–4, and Art. 11, § 1. But so far as this court is concerned, it is clear, that the constitution does not authorize legal and equitable claims to be blended together in one suit. Here, a legal title must be determined by rules of law, and an equitable right by chancery jurisprudence.

As this case can only be adjudicated on errors at law the only question to be considered, is, did the court below err in receiving as evidence, the deed made by Edwin H. Cooper to John H. Armstrong? This deed was objected to on the ground that it was executed by Cooper while a minor, and was disaffirmed by him after he became of age. The deed was executed August 22, 1848, and the notice of disaffirmance was served May 4, 1849.

Was the grantor a minor at the date of the deed, is a question of fact, and an issue upon it in a partition suit, should be tried by a jury, unless the parties interested should otherwise agree. Rev. Stat. 461, § 16. As this issue was not submitted to a jury, we must presume that the parties agreed to have it tried by the court. Upon the evidence, the court found that the grantor was not a minor as alleged and thereupon admitted the deed.

This finding must be regarded as a verdict, and the question presents itself, is there anything of record which will justify its disturbance? The only objection urged is that the depositions which are admitted as of record in the case, do not sustain the finding. Even if this was true, it could not avail the plaintiff in error, because he took no exception to the verdict or finding of the court below. He does not show that all the proof is before us. He did not demur to the evidence, nor move for a new trial, nor for a judgment *non obstante veredicto.*

Finally, there is nothing of record which shows error in the proceedings, and the maxim must prevail—*omnia praesumunter vite esse acta*—" all acts are presumed to be rightly done " until the contrary is shown.

Judgment affirmed.

*J. C. Hall* and *C. H. Phelps*, for plaintiff in error.

*C. Mason* and *D. Rorer*, for defendant.